# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEET METAL WORKERS LOCAL 441 HEALTH & WELFARE PLAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GLAXOSMITHKLINE, PLC, *et al.*, <br><br> Defendants | Civil Action No. 04-cv-5898 <br><br> Judge Lawrence F. Stengel |

**END PAYOR PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF SCHEDULING ORDER FOR RENEWED CLASS CERTIFICATION PROCEEDING**

**I.     INTRODUCTION**

In July 2009, this Court was put in the unenviable position of inheriting a motion for judgment on the pleadings, two summary judgment motions, and a motion for class certification that had been briefed and argued in front of another judge. The Court grappled with the record, briefing, and arguments before Judge Kauffman and issued an order denying class certification (without prejudice). *See* Opinion on Class Certification, Docket No. 289, September 30, 2010 ("Order"). The Order raised, for the first time, questions about *how* the class definition might exclude uninjured consumers, and *how* End Payors could establish injury to direct purchasers. Although the prior district judge on this matter raised *other* issues which were addressed by the parties in formal submissions (e.g., exemplar states), the issue of *how* to carve out the arguably uninjured segment of consumer class members – a group who cumulative damages amounts to less than 1% of the total sought – was not.

1

On October 17, 2010, End Payors asked this Court to enter a scheduling order.  *See* End Payor Plaintiffs' Motion for Entry of Scheduling Order for Renewed Class Certification, Docket No. 293.  End Payors motion identified issues raised in this Court's class certification order, stated that a renewed class certification motion would provide methods for resolving the Court's concerns, and asked the Court to impose various briefing deadlines.

On November 1, 2010, GSK ostensibly opposed End Payors scheduling motion – but failed to even comment on the proposed schedule.  Instead, GSK responded with speculative, yet substantive, attacks against positions End Payors may take in their renewed motion for class certification.  GSK argues – before End Payors have even filed a renewed class certification motion – that the Court *cannot* revisit its class certification decision.  But the Court has wide discretion to revisit its class certification order until entry of final judgment.  Fed.R.Civ.P. 23(c)(1)(C).  In fact, if carving out the uninjured persons identified by the Court resolves the Court's concerns, then the class (as modified) must be certified.  *See Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 130 S.Ct. 1431, 14 38 (2010) (stating Rule 23 requires "a federal court to certify a class in each and every case where the Rule's criteria are met.").

Both parties should be given an opportunity to address the substantive issues related to renewed class certification proceedings in renewed class certification briefing.   End Payors therefore reiterate their request that the Court enter the proposed scheduling order – that is all that was requested at this time and in the first place.  The renewed class motion will demonstrate that carving out claims of a segment of the class comprising less than 1% of the total damages is easily achieved.

## II. ARGUMENT

### A. Defendants Fail to Respond to the Relief Sought in End Payors' Motion

End Payors' October 17, 2010 motion sought entry of a scheduling order setting deadlines for renewed class certification proceedings.[1] End Payors identified the issues raised in the Courts' Order, briefly addressed how a renewed motion for certification could resolve these issues, and asked the Court to adopt a scheduling order governing further class certification proceedings. Defendants' opposition ignores the relief sought and does not comment on the proposed schedule.

Instead of opposing the relief requested, Defendants misconstrue the End Payors' scheduling motion as the actual renewed class certification motion, and they argue that the Court could not possibly grant the (hypothetical) renewed motion. *See* Defendants' Opposition to End Payor Plaintiffs' Motion for Entry of Scheduling Order For Renewed Class Certification, Docket No. 295, November 1, 2010 at 4 ("Def. Mem.") (arguing that End Payors' motion fails to correct the issues raised in the Court's order: "Plaintiffs still do not provide any explanation whatsoever of how they would exclude from the class uninjured class members" and "[End Payors] present no new methodology to cure this basic problem," Def. Mem. at 4). End Payors' motion is not a renewed class certification motion, so, of course, does not itself resolve the issues raised by the Court. *See* Motion at 5 ("End Payors do not argue herein that the Court's concerns are, or have been, resolved. Rather, End Payors identify the Court's concerns, briefly explain that they can be resolved through a renewed motion for class certification and ask that the Court adopt the proposed scheduling order.")

---

[1] On the next day, End Payors filed a corrected brief that modified a citation. *See* End Payor Plaintiffs' Corrected Motion for Entry of Scheduling Order for Renewed Class Certification, Docket No.293, October 18, 2010.

GSK's arguments belong in an opposition to the End Payor's as-yet-unfiled renewed motion for class certification. Not in an opposition to a scheduling motion.[2]

**B.     End Payors Asked For Entry of a Procedural Scheduling Order, Not a "Do Over"**

End Payors seek entry of a scheduling order to govern renewed class certification proceedings. Rather than file a renewed motion for class certification with no timeline for response in place, End Payors asked the Court to approve a proposed schedule. End Payors' motion briefly addresses how the Court's concerns can be resolved through renewed class certification proceedings for purposes of supporting the time frames set forth in the proposed scheduling order.

A renewed motion for class certification would not amount to a "do over" or a "second bite at the apple." Def. Mem. at 1, 7.[3] GSK cites a series of cases that, for the most part, suggest that it is inappropriate to grant renewed class certification motions that merely restate the same facts and legal arguments made in the original class certification motion. *See* Def. Mem. at 7-8. End Payors do not disagree with this suggestion. But here, all of the issues raised in the Court's order are new concerns that neither Judge Kauffman nor this Court raised previously.[4] In no instance are End Payors attempting to resolve issues they have already attempted to resolve.

---

[2] Elsewhere, Defendants treat End Payors' motion as a motion seeking permission to file a renewed class certification motion. See Def. Mem. at 6 (asking the Court to "deny Plaintiffs' motion for a renewed round of class certification proceedings."). End Payors motion does not seek permission for leave to file a renewed class certification motion. No such permission is required. *See* Motion at 4-5.

[3] Class certification is not, as GSK would have the Court believe, a "one shot deal." The Court always retains the ability to amend or alter a class certification decision at any point prior to final judgment; in this sense, the Court has discretion to consider numerous "do overs." Fed.R.Civ.P. 23(c)(1)(C). GSK has pointed to no case law that precludes the Court from considering a renewed motion for class certification or prevents End Payors from filing such a renewed motion. End Payors recognize that repeatedly asking the Court to reconsider a class certification decision by simply advancing the same arguments time and again would be inappropriate and an abuse of a plaintiff's prerogative to filed renewed class certification motions. But as described above, End Payors are addressing these issues for the first time and are not seeking a "second bite at the apple."

[4] The only issue regarding class certification raised by Judge Kauffman was that of exemplar states. The parties submitted briefs on the topic.

4

1.     **The Method to Carve Out Brand Loyalist Consumers Was Not Previously Addressed And Can Be Easily Implemented**

The Court's order identified, for the first time, a concern that the proposed class included consumers who were brand loyalists and, the Court reasoned, were thus uninjured. Neither Judge Kauffman nor this Court had previously asked Plaintiffs to address this issue. Judge Kauffman raised the issue of whether brand loyalists should be included in the class. End Payors argued that brand loyalists should be in the class, but informed the Court that, should the Court determine otherwise, brand loyalist consumers could be easily carved out of the class. July 31, 2008 Hearing Tr. at 26. Judge Kauffman never asked, and End Payors never proposed, a method for carving out brand loyalist consumers.

End Payors will not seek brand loyalist damages in their renewed class certification motion. Brand loyalist consumers can be easily carved out of the class. First, bifurcating the class into TPP and Consumer subclasses immediately resolves the brand loyalist issue for all TPPs. Second, as to consumers, the renewed class certification motion will identify tools that can be used to carve out brand loyalist consumers from the class. Carving out the small number of brand loyalist consumers provides a remedy for the vast majority of consumers.

GSK argues that Professor Rosenthal "could not identify these uninjured class members." Def. Mem. at 2. GSK mischaracterizes Rosenthal's testimony. Rosenthal testified that it would not be possible for her methodology to identify each and every brand loyalist by name; that is, Rosenthal acknowledged that she could not say that Sally Jones of Boston, Massachusetts was a brand loyalist. Rosenthal never opined that brand loyalists could not be carved out of the class; in fact, Rosenthal provided separate damages information for brand loyalists so that they could be carved out, identifying, by quarter, the amount of damages associated with purchases by

brand loyalists ($3.3 million total during the class period).  *See* July 18, 2008 Declaration of Meredith Rosenthal, Attachments D.4-D.5.

> **2.    The Method To Carve Out Flat Co-Pays Was Not Previously Addressed And Can Be Easily Implemented**

The Court's order similarly raised, for the first time, concern that the proposed class included consumers who had flat co-pays and, the Court reasoned, were thus uninjured.  Neither Judge Kauffman nor this Court had previously raised this issue.

End Payors will not seek flat co-pay damages in their renewed class certification motion.  Consumers with flat co-pays can also be easily carved out of the class.  First, as with brand loyalists, bifurcating the class into TPP and Consumer subclasses resolves the issue for TPPs.  Second, as to consumers, the renewed class certification motion will identify a method for carving out consumers with flat co-pays.  The percentage of consumers with private health insurance who pay flat co-pays constitutes a very small percentage of insured individuals.  Carving out the small number of flat co-pay consumers allows the remaining consumers to recover.

> **3.    The Injury to Direct Purchasers Issue Was Not Previously Addressed And Can Be Easily Resolved**

The Court's order also raised, for the first time, concern that End Payors had not shown common impact to direct purchasers.  Judge Kauffman had certified a class of direct purchasers at the time that End Payors argued their class certification motion, so there was no question, then, about injury to direct purchasers.  Motion at 2, 6-7.  Now, for the first time, this Court has asked End Payors to more fully address the injury to direct purchasers.  Order at 51.  End Payors identified some of the features of the pharmaceutical industry that support showing injury through common proof in their motion (*see* Motion at 6-10) and will fully address the matter in their renewed class certification motion.

### III.   CONCLUSION

Defendants prevailing argument is that End Payors have not corrected the defects identified by the Court; End Payors will, in their forthcoming renewed motion for class certification.  The merits of that renewed motion should be assessed at that time, after GSK has had a full and fair opportunity to respond to the End Payors arguments.  End Payor Plaintiffs therefore ask the Court to enter their Proposed Scheduling Order for Renewed Class Certification Proceedings.

Dated: November 11, 2010

Respectfully submitted,

By: */s/ Joseph H. Meltzer*
Joseph H. Meltzer
Terence S. Ziegler
Casandra A. Murphy
Barroway Topaz Kessler
  Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA  19087
(610) 667-7706

Thomas M. Sobol
Edward Notargiacomo
Debra Gaw Josephson
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
(617) 482-3700

*Co-Lead Counsel for Plaintiffs*