# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| In re WELLBUTRIN SR ANTITRUST LITIGATION | ) ) ) |
|  | ) Civil Action No.: 04-cv-5898 |
| THIS DOCUMENT RELATES TO: | ) ) |
|  | ) Judge Lawrence F. Stengel |
| ALL END-PAYOR CLASS ACTIONS | ) ) |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF TPP CLASS SETTLEMENT

AND NOW, this 14ᵗʰ day of January 2013, upon review and consideration of the

settlement agreement, dated December 11, 2012, and exhibits thereto, plaintiff's unopposed

motion for preliminary approval of TPP class settlement and supporting memorandum of law

and exhibits thereto, IT IS HEREBY ORDERED as follows:

1.     The Court has jurisdiction over this action and the parties, plaintiffs Government

Employees Health Association, Inc., IBEW - NECA Local 505 Health & Welfare Plan, A.F. of

L. - A.G.C. Building Trades Welfare Plan, United Food and Commercial Workers Unions and

Employers Midwest Health Benefits Fund, and Sidney Hillman Health Center of Rochester, Inc.

(collectively "class plaintiffs") and the proposed class of third party payors and settling

defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK").

2.     It appearing, solely for purposes of the proposed settlement and without

prejudice to the parties' respective objections, arguments, and/or defenses in the event the

Settlement is not finally approved, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have

been satisfied, the Court conditionally certifies a class (the "class") for settlement purposes

only, defined as follows:

> All Third Party Payors ("TPPs") who, at any time during the period
> March 1, 2002 to December 31, 2006 (the "Class Period"), paid or

reimbursed for 100 mg and/or 150 mg Wellbutrin SR and/or the AB-rated generic equivalents of sustained release bupropion hydrochloride in any form, for purposes other than resale, for their members, employees, insureds, participants or beneficiaries in the states of Arizona, Arkansas, California, Iowa, Florida, Massachusetts, Michigan, Minnesota, Missouri, Nevada, North Carolina, Pennsylvania, West Virginia and Wisconsin.

Third Party Payors are all health insurance companies, administrators (only to the extent that such administrator is at risk for payment of Wellbutrin SR and/or its AB rated equivalents), health maintenance organizations, self-funded health and welfare plans, and other health benefit providers and entities with self-funded plans that contract with a health insurer or administrator to administer their prescription drug benefits. These payors include such entities that may provide prescription drug benefits for current or former public employees and/or retirees, but only to the extent that such entity was at risk for the cost of the payment(s). For purposes of this definition, an entity "paid for" Wellbutrin SR or its AB rated equivalent if it paid some or all of the purchase price, or reimbursed any part of the purchase price paid by their members, employees, insureds, participants or beneficiaries.

3.      The Court finds that the requirements of Rule 23(a) are satisfied for settlement purposes only, as follows:

(a)      Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Class are so numerous that joinder of all members is impracticable.

(b)      Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the court determines that, in the context of settlement, there are common issues of law and fact as follows:

(i)      Whether the conduct challenged in the complaint violated Section 2 of the Sherman Act, 15 U.S.C. §2 and similar state antitrust and consumer protection statutes;

(ii)      Whether the conduct challenged in the complaint constitutes unjust enrichment under various state laws;

(iii)      Whether the settlement amount and other terms of the settlement agreement are fair and reasonable;

(c)      Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the representative

2

plaintiffs (as defined below) are typical of the claims of the class in that the representative plaintiffs allege that they have purchased and/or paid for 100mg and 150mg Wellbutrin SR and/or the AB rated generic equivalents during the class period.

        (d)     Pursuant to Fed. R. Civ. P. 23(a)(4), in the context of settlement, the representative plaintiffs will fairly and adequately protect and represent the interests of all members of the Class, and the interests of the representative plaintiffs are not antagonistic to those of the Class. The representative plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action antitrust litigation.

        4.     The Court further finds that the requirements of Rule 23(b)(3) are satisfied for settlement purposes only, as follows:

        (a)     Questions of law and fact common to the members of the class, as described above, predominate over questions that may affect only individual members; and

        (b)     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

        5.     Government Employees Health Association, Inc., IBEW - NECA Local 505 Health & Welfare Plan, A.F. of L. - A.G.C. Building Trades Welfare Plan, United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund, and Sidney Hillman Health Center of Rochester, Inc. (collectively "representative plaintiffs") are hereby appointed class representatives for settlement purposes only.

        6.     The following firms are appointed as Class Counsel: Hagens Berman Sobol Shapiro LLP and Kessler Topaz Meltzer & Check, LLP.

        7.     Upon review of the record and the settlement documents, the Court finds that the proposed settlement, which includes a cash payment of $21.5 million by GSK into an escrow

account for the benefit of the plaintiff and the class ("settlement fund") in exchange for, *inter alia,* dismissal of the litigation with prejudice and certain releases of claims against GSK by plaintiff and the class as set forth in the settlement agreement, was arrived at by arm's-length negotiations by highly experienced counsel after years of litigation, falls within the range of possibly approvable settlements, and is hereby preliminarily approved, subject to further consideration at the fairness hearing provided for below.

8.     The Court finds that the proposed form of notice to class members of the proposed settlement (Exhibits A to C to the settlement agreement, attached as Exhibit A to plaintiffs' memorandum in support of unopposed motion for preliminary approval) and the proposed method of dissemination of notice by first class mail and supplemental publication satisfy Fed. R. Civ. P. 23(e) and due process and are otherwise fair and reasonable, and are therefore approved.

9.     The settlement administrator, at the direction of class counsel, shall cause the notice substantially in the form annexed to the settlement agreement as Exhibit A to be disseminated no later than February 11, 2013 by first-class mail to the last known address of each class member.

10.     The settlement administrator, at the direction of class counsel, shall cause the notice substantially in the form annexed to the settlement agreement as Exhibit C to be published no later than March 12, 2013.

11.     The proposed plan of distribution, attached as Exhibit C to plaintiffs' memorandum in support of unopposed motion for preliminary approval, also appears to be appropriate and is preliminarily approved, subject to further consideration at the fairness hearing.

4

12.     The Court appoints Rust Consulting, Inc. to serve as settlement administrator and to assist class counsel in disseminating the notice to the class. All expenses incurred by the settlement administrator must be reasonable, are subject to Court approval, and shall be payable solely from the settlement fund. The settlement administrator shall establish a website for the purpose of advising the Class about the settlement. The declaration of Eric Miller of Rust, setting forth Rust's qualifications to serve as settlement administrator, is attached as Exhibit E to plaintiffs' memorandum in support of unopposed motion for preliminary approval.

13.     The Court appoints Citizens Bank to serve as escrow agent for the purpose of administering the escrow account holding the settlement sum. All expenses incurred by the escrow agent must be reasonable, are subject to Court approval, and shall be payable solely from the settlement fund. A copy of the escrow agreement executed by Citizens Bank and counsel for the parties is attached as Exhibit F to plaintiffs' memorandum in support of unopposed motion for preliminary approval.

14.     A hearing on final approval (the "fairness hearing") shall be held before this Court on June 27, 2013, at 10:00 a.m., in the courtroom assigned to the Honorable Lawrence F. Stengel, James A. Byrne United States Courthouse, 601 Market Street, Room  3 B , Philadelphia PA 19106-1729.

15.     At the fairness hearing, the Court will consider, *inter alia:* (a) the fairness, reasonableness and adequacy of the settlement; (b) the proposed plan of distribution of the settlement fund among class members attached as Exhibit C to plaintiffs' memorandum in support of unopposed motion for preliminary approval; (c) the proposed claim form and process to be used for the distribution of the settlement fund; (d) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to class counsel; (e) whether a

contribution award should be awarded to the representative plaintiffs, and in what amounts; and (f) whether entry of a final judgment terminating this litigation should be entered.

16.    In the event the fairness hearing is rescheduled or continued, the Court will furnish all counsel with appropriate notice, and class counsel shall be responsible for communicating any such notice promptly to the Class by posting conspicuous notice on the website established by the settlement administrator for the purpose of advising the class about the settlement.

17.    All briefs and materials in support of the final approval of the settlement, the entry of final judgment proposed by the parties to the settlement agreement and the application for an award of attorneys' fees and reimbursement of expenses and incentive awards for the plaintiffs shall be filed with the Court no later than April 12, 2013.

18.    Class members who wish to object to or comment on the proposed settlement must first send an objection or comment, and, if intending to appear at the fairness hearing, a notice of intention to appear, along with a summary statement outlining the position to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia PA 19106-1729 with copies to the following counsel:

*On behalf of plaintiffs and the TPP class*:

Joseph H. Meltzer
Terence Ziegler
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

Thomas M. Sobol
David S. Nalven
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700

6

*On behalf of GSK*

Daniel S. Pariser
Arnold & Porter LLP
Thurman Arnold Building
555 Twelfth Street, N.W.
Washington, D.C. 20004
Telephone:  (202) 942-5000

To be valid, any such objection or notice of intention to appear and summary statement must be
postmarked no later than May 17, 2013.  Except as herein provided, no person or entity shall be
entitled to contest the terms of the proposed settlement.  All persons and entities who fail to file
an objection or notice of intention to appear as well as a summary statement as provided above
shall be deemed to have waived any such objections by appeal, collateral attack or otherwise
and will not be heard at the fairness hearing.

19.     Any Class Member who wishes to opt out of the proposed settlement must do so
in accordance with the procedures set forth in the Notice.  Any such opt out request must be
postmarked no later than May 17, 2013.

20.     All responses to any timely submitted objections to or comments on the proposed
settlement by any Class member shall be filed with the Court no later than June 17, 2013.

21.     All proceedings in this action are hereby stayed until such time as the Court
renders a final decision regarding the final approval of the settlement and, if it finally approves
the settlement, enters final judgment and dismisses the action with prejudice.

22.     The Court finds that the settlement fund is a "qualified settlement fund" as
defined in Section 1.468B-1(a) of the Treasury Regulations in that it satisfies each of the
following requirements:

a.     the settlement fund is established pursuant to an order of this Court and is
subject to the continuing jurisdiction of this Court;

7

          b.     the settlement fund is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

          c.     the assets of the settlement fund are segregated from other assets of the defendants, the transferor of payments to the settlement fund.

23.        Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

          a.     the settlement fund met the requirements of paragraphs 15(b) and (c) of this order prior to the date of this order approving the establishment of the settlement fund subject to the continued jurisdiction of this Court; and

          b.     Defendants and claims administrator may jointly elect to treat the settlement fund as coming into existence as a "qualified settlement fund" on the later of the date the settlement fund met the requirements of paragraphs 21(b) and (c) of this order or January 1 of the calendar year in which all requirements of paragraph 21 of this order are met. If such a relation-back election is made, the assets held by the settlement fund on such date shall be treated as having been transferred to the settlement fund on that date.

24.        In the event that the settlement does not become final then litigation of this action will resume in a reasonable manner to be approved by the Court upon joint application by the plaintiffs and GSK as necessary.

25.        In the event the settlement agreement and the settlement are terminated and/or rescinded in accordance with the applicable provisions of the settlement agreement, the

settlement agreement, the settlement, and all related proceedings shall, except as expressly provided to the contrary in the settlement agreement, become null and void, shall have no further force and effect, and plaintiff shall retain full rights to assert any and all causes of action against GSK and any other released party, and GSK shall retain any and all defenses and counterclaims hereto. This action shall hereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the settlement agreement and shall proceed as if the settlement agreement and all other related orders and papers had not been executed by plaintiffs and GSK.

26.     Neither the settlement agreement nor any other settlement-related document nor anything contained therein or contemplated thereby nor any proceedings undertaken in accordance with the terms set forth in the settlement agreement or in any other settlement-related document shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by GSK as to the validity of any claim that has been or could have been asserted against GSK or as to any liability by GSK as to any matter set forth in this order.

BY THE COURT:

Lawrence F. Stengel, J.